**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **R.R.**

**No. 22-0257** (Kanawha County 21-JA-655)

**MEMORANDUM DECISION**

Petitioner Mother J.R., by counsel Jason S. Lord, appeals the Circuit Court of Kanawha County's March 4, 2022, order terminating her parental rights to R.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Andrew T. Waight, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Sandra Bullman, also filed a response on the child's behalf in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2021, the DHHR filed a petition alleging that petitioner voluntarily relinquished her parental rights to one older child after DHHR removal and that another older child allegedly died from sudden infant death syndrome ("SIDS"). Regarding R.R., the DHHR alleged that the child was born drug exposed in October of 2021. The DHHR also alleged that petitioner had attempted numerous drug rehabilitation programs without success. Following the petition's filing, petitioner enrolled in an inpatient drug rehabilitation program, which the court ordered petitioner to remain in and to sign a release of information to allow updates to the court and the DHHR. Petitioner later stipulated to the allegations in the petition, and the court adjudicated her as an abusing and neglecting parent.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

In February of 2022, petitioner filed a motion for a post-adjudicatory improvement period. The same month, the circuit court held a dispositional hearing. The DHHR presented evidence that in 2014, petitioner relinquished her parental rights to an infant who suffered from broken ribs, a severe diaper rash, and failure to thrive. In 2016, petitioner's second baby died of SIDS while in her care. The DHHR averred that all three children were born drug exposed and that petitioner continued to abuse drugs despite the consequences to the children. Petitioner testified that she had been using drugs since she was fourteen years old, that she had previously been incarcerated for a year following a conviction, and that she had not completed any drug rehabilitation. She argued that she had been testing clean for the three months that she had been enrolled at her present drug rehabilitation program and that she deserved an improvement period.

Upon the evidence presented, the court found in its March 4, 2022, dispositional order that petitioner's chronic drug abuse spanned back to at least 2014 and that she chose to continue to abuse drugs during her pregnancy with R.R. despite the negative impact on her prior children. The court determined that petitioner was unlikely to address such a severe drug addiction within a reasonable amount of time and that termination of her parental rights was in R.R.'s best interest, especially considering that R.R. was petitioner's third child born drug exposed and that petitioner's parental rights to two prior infants were terminated. The circuit court ultimately concluded that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that it was necessary for R.R.'s welfare to terminate petitioner's parental rights. Petitioner now appeals the March 4, 2022, dispositional order.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without affording her the opportunity to rectify the conditions of abuse and neglect with an improvement period. Petitioner states that she remained drug free throughout the proceedings and had nearly completed four months of inpatient drug rehabilitation by the dispositional hearing.

---

[2]The parental rights of the unknown father were also terminated below. According to the parties, the permanency plan for the child is adoption by his foster family.

To obtain an improvement period under West Virginia Code § 49-4-610, the parent must first demonstrate that they are likely to fully participate in the improvement period. Importantly, a circuit court has the discretion to deny a motion for an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Simply put, the record shows that petitioner has an extensive history of substance abuse that has resulted in three drug-exposed children over the course of six years. By petitioner's own admission, she had not responded to various drug treatments or to forced sobriety while incarcerated. Although petitioner complied with inpatient drug rehabilitation for several months, it is clear that, as the court determined, petitioner would need more than a four-to-six-month program to fully address her addiction and that it was not in the child's best interest to wait for petitioner to finally address her severe addiction. We have long held:

> "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4. Here, the court took judicial notice of the circumstances of petitioner's 2014 and 2016 cases and found that she had done nothing to address her addiction during her third pregnancy, and further found that any improvement was unlikely. We find no error in the circuit court's denial of an improvement period.

For the same reasons as above, petitioner argues that the circuit court erred in terminating her parental rights to R.R. Because the court made the requisite findings, based upon ample evidence, to support termination of petitioner's parental rights, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood. . . that conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 4, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn